IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

     Plaintiff,            ORDER

   v.                 08-cr-32-bbc-1

JOHNATHON YOUNG,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  A hearing on the probation office's petition for judicial review of Johnathon Young's supervised release was held on June 16, 2015, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita Rumbelow. Defendant was present in person and by counsel Steven Zaleski. Also present was U.S. Probation Officer Nicholas A. Tuma.

  From the record and the parties' stipulation, I make the following findings of fact.

### FACTS

  Defendant was sentenced in the Western District of Wisconsin on July 29, 2008, following his conviction for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a 51-month term of imprisonment, with a three-year term of supervised release to follow.

Defendant began his term of supervised release on September 19, 2013. Since then, he has violated Standard Condition No. 2 of his conditions of supervised release, requiring him to report to his probation officer as directed, by failing to report daily when he was instructed to do so after a drug test tested positive for heroin, cocaine, and marijuana.

Defendant violated Standard Condition No. 6 of his conditions of supervised release, requiring him to notify his probation officer at least ten days prior to any change in residence, when he failed to make himself available for home and office visits and did not tell his supervising probation officer where he was.

Defendant violated Standard Condition No. 5 of his conditions of supervised release, requiring him to work regularly at a lawful occupation unless excused by his probation officer, as well as Standard Condition No. 6, requiring him notify his probation officer at least ten days prior to any change in employment, when he was fired from his job and failed to notify his probation officer. He has been unemployed ever since.

Defendant violated Special Condition No. 4 of his conditions of supervised release, requiring him to participate in substance abuse treatment, when he failed to report for random drug testing as directed by the probation office.

Defendant's conduct falls into the category of Grade C violations. Upon finding a Grade C violation, the court has authority under § 7B1.3(a)(2) of the advisory guidelines to revoke supervised release, extend the term of supervised release or modify the conditions of supervision.

CONCLUSIONS

Defendant's criminal history falls into category III. With Grade C violations, he has an advisory guideline range of imprisonment of 5 to 11 months. Under 18 U.S.C. § 3583, the statutory maximum to which he can be sentenced upon revocation is two years because his original conviction was for a Class C felony. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if the term of supervised release is revoked.

Although defendant's violations are serious, I am persuaded that placement in a residential reentry center will be sufficient to address defendant's recent non-compliance and relapse and satisfy the statutory purposes of sentencing set forth at 18 U.S.C. § 3553(a).

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Johnathon Young on September 19, 2013 is CONTINUED.

Defendant's conditions of supervised release shall be modified as follows to take into account his personal history, as well as the nature of his recent non-compliance, both of which demonstrate the need for corrective and rehabilitative programming.

Special Condition No. 5: Defendant is to spend 60 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

The standard and special conditions of supervised release that were imposed at the time of original sentencing on July 29, 2008, were reasonably related to the offense of

3

conviction or to defendant's personal history and characteristics.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The Western District of Wisconsin has adopted some modifications as a result of resent Seventh Circuit cases. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements and expectations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

| | STANDARD CONDITIONS | JUSTIFICATION |
|---|---|---|
| 1 | Defendant shall not leave the judicial district without the permission of the court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2 | Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer and follow the officer's instructions. The monthly report and the answer to the inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of | To provide community protection and rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(B), (C), (D), (E) and (b)(2); USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |

4

| | | |
|---|---|---|
| | defendant's constitutional rights, in which case defendant has the right to remain silent. | |
| 3 | Defendant shall maintain lawful employment, seek lawful employment or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(C), (D) and (E); USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4 | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(D) and (b)(2); USSG §5D1.3(b)(1)(C). |
| 5 | Defendant shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician. | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 6 | Defendant shall not visit places he knows or has reason to believe that controlled substances are illegally sold, used, distributed or administered. | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes |

| | | |
|---|---|---|
| | | public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7 | Defendant shall not meet, communicate or spend time with any persons he knows to be engaged in criminal activity or planning to engage in criminal activity. | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(B), (C) and (D);  USSG §5D1.3(b)(1)(B) and (C). |
| 8 | Defendant shall permit a probation officer to visit defendant at home, work or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9 | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10 | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the prior permission of the court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and |

6

| | | |
|---|---|---|
| | | (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11 | As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record, personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties. | To protect the public from further crimes perpetrated by defendant. 18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16); in a case of crimes against property 18 U.S.C. § 3555; 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

The special conditions numbered below were imposed at the time of sentencing and are reimposed, in addition to special condition no. 5, related to defendant's stay at a residential re-entry center.

| | SPECIAL CONDITION | JUSTIFICATION |
|---|---|---|
| 1 | Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer. | Imposed based on the offense of conviction and the need to monitor defendant's compliance with local, state and federal laws. |
| 2 | Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns. | Imposed based on defendant's limited employment history, and the need to monitor his ability to support himself through legitimate means. |

| | | |
|---|---|---|
| 3 | Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition. | Imposed based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant as suggested by his criminal history and the need to ensure the safety of the supervising U.S. probation officer. |
| 4 | Abstain from the use of illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process. | Imposed based on the defendant's self-reported use of marijuana, cocaine, and heroin. It is noted that he tested positive for all three controlled substances while under supervision. |

Entered this 17th day of June 2015.

BY THE COURT:

/s/

Barbara B. Crabb
District Judge